PER CURIAM.
Bissell and Donohue, criminal defendants in different separate appeals filed in this court, Case Numbers 90-2068 and 90-2143, respectively, appeal from their convictions on 57 criminal counts.[1] They were both sentenced to ten years in prison on Counts 1, 2, 3, 4, 56 and 57, and five years on all other counts, to run concurrently, and ten years probation on Count 1, to run consecutive to the prison term. The state cross-appeals the downward departure. We consolidate the appeals for disposition because they involve identical issues.
We conclude that the errors asserted by appellants are either without merit or have not been preserved for consideration on appeal. However, we find the state’s cross-appeal has merit.
At the sentencing hearing, the recommended guidelines sentence was life, and the permitted range allowed a low range of 27 years. The written reasons given for departure were:[2]
1. The Defendants tried to make a success of a bona fide business whereby *879 investors could be paid, rather than throwing in the towel even, to the extent of investing and losing their own money.
2. There were investors who received the return of their investment plus profit. Some investors “rolled over” their investment and lost it.
3. There was no evidence of larceny of any investors funds. Even the State, in its opening statement, stated that they would not show that larceny was involved.
4. There was no evidence or proof that either Defendant received any pecuniary gain from the business or from the investors. In fact, the evidence was to the contrary.
5. The Court, in good conscience, disregarded the age, health and absence of criminal act of both Defendants.
These reasons are legally insufficient to justify a downward departure. Findings # 1 and # 4 contradict the clear evidence in this case and # 3 is irrelevant and immaterial. Accordingly, we affirm the convictions in both cases but vacate the sentences and remand for resentencing pursuant to the guidelines recommended or permitted range.
AFFIRMED; Sentences VACATED; REMANDED.
DAUKSCH and DIAMANTIS, JJ., concur.
COWART, J., dissents with opinion.

. § 895.03(3), one count of engaging in racketeering activity; § 895.03(4), one count of conspiracy to commit racketeering; § 817.034(4), two counts of organized fraud; § 517.07, thirty counts of selling unregistered securities; § 517.-301, twenty counts of securities fraud; § 895.-03(1), two counts of receiving proceeds derived from racketeering activity.

. A prior order giving somewhat contradictory reasons for departure for Bissell was filed by the court, however, none of the reasons given were sufficient or relevant.